UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFREY CLINE, *et al.*,

      Plaintiffs,                         Case No. 3:19-cv-43

vs.

GLASSMAN AUTO REPAIR, LLC, *et al*.,       Magistrate Judge Michael J. Newman
                                             (Consent Case)

      Defendants.

---

## ORDER AND ENTRY: (1) GRANTING PLAINTIFFS' PARTIAL MOTION TO DISMISS (DOC. 7); AND (2) DISMISSING DEFENDANT GLASSMANN AUTO REPAIR, LLC'S COUNTERCLAIM ASSERTING UNFAIR COMPETITION BY MALICIOUS PROSECUTION

---

This civil consent case is before the Court on Plaintiffs' partial motion to dismiss the counterclaim asserted by Defendant Glassman Auto Repair, LLC ("Glassman") alleging unfair competition by malicious prosecution. Doc. 7. Glassman filed a memorandum in opposition and, thereafter, Plaintiffs' filed a reply. Docs. 10, 14. The undersigned has carefully considered all of the foregoing, and Plaintiffs' motion is ripe for decision.

## I.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere

"'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[T]he factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold.'" *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

**II.**

Plaintiffs Jeffrey Cline and Jeremy Meade bring this action asserting claims under, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; Ohio's Minimum Fair Wage Standards Act, Ohio Rev. Code Chapter 4111; and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15 ("OPPA"). Doc. 9 at PageID 50. Defendant Glassman is a company owned by Defendant Matt Stone that specializes in auto glass replacement and repair. *Id*. at PageID 53. Plaintiffs worked for Glassman for different periods of time ending in 2018. *Id*. Plaintiffs allege that, during their employment with Glassman, they worked overtime hours for which they did not receive compensation. *Id*. In addition, Plaintiff Cline alleges that Glassman terminated his employment for expressing an intent to file a workers' compensation claim after cutting his finger while performing his job with Glassman. *Id*. at PageID 55-56, 60-61.

Plaintiffs initiated this action by filing their complaint on February 13, 2019. Doc. 1. Glassman filed an answer to the original complaint and asserted a counterclaim against Plaintiffs. Doc. 22. In its counterclaim, Glassman alleges that Plaintiffs formed a competing business called "Glass Guys, LLC" while still employed by Glassman.[1] Doc. 5 at PageID 28. In addition to starting this competing business, Glassman alleges -- without any specific factual allegation in support -- that Plaintiffs also attempted to lure Glassman's customers away while still employed by Glassman. *Id*. Based on such allegations, Glassman alleges the following counterclaims under Ohio law: (1) unfair competition by malicious prosecution; (2) unfair competition; and (3) misappropriation of trade secrets. *Id*. at PageID 28-29.

In response to Glassman's assertion of counterclaims, Plaintiffs amended their complaint to allege retaliation claims against Glassman. Doc. 9 at PageID 61-62. At the same time, Plaintiffs filed the subject partial motion to dismiss. Doc. 7. Glassman filed a memorandum in opposition

---

[1] Defendant Stone did not assert counterclaims.

to Plaintiffs' motion to dismiss (doc. 10) and, on that same date, both Defendants filed answers to the amended complaint. Docs. 11, 12. Notably, Defendant Glassman did not reassert counterclaims in its answer to the amended complaint (doc. 11).

### III.

Before reaching the merits of Plaintiffs' partial motion to dismiss, the Court first addresses whether any of Glassman's counterclaims remain pending before the Court in light of its failure to reassert them in response to Plaintiffs' amended complaint.

"[C]ourts are divided on whether or not the Federal Rules of Civil Procedure require that a party replead a counterclaim in response to an amended complaint." *Mathews v. Ohio Pub. Employees Ret. Sys.*, No. 2:12-CV-1033, 2014 WL 4748472, at *4 (S.D. Ohio Sept. 23, 2014). In this district, at least one court has concluded that, in determining whether counterclaims have been abandoned as a result of a defendant's failure to reassert such counterclaims in answering an amended complaint, courts must consider "whether the plaintiff received notice of the counterclaim, whether the defendant pursued the counterclaim and whether plaintiff will suffer resulting undue prejudice if the counterclaim proceeds." *Id*. at *5.

Here, in the interest of justice, the undersigned finds that Glassman has not abandoned its counterclaims despite its failure to reassert them in answering the amended complaint. In so concluding, the undersigned notes that: (1) Plaintiffs received notice of the counterclaims in light of the filing of their partial motion to dismiss; (2) Glassman has evidenced an intent to continue its pursuit of the counterclaims by filing an opposition to Plaintiffs' partial motion to dismiss; and (3) no undue prejudice will result from permitting the counterclaims to proceed.

### IV.

"Unfair competition ordinarily consists of representations by one person, for the purpose of deceiving the public, that his goods are those of another." *Water Mgmt., Inc. v. Stayanchi*, 472

N.E.2d 715, 717 (Ohio 1984). Ohio courts have extended the concept of unfair competition "to unfair commercial practices such as malicious litigation . . . designed to harm the business of another." *Id.* "[T]o successfully establish an unfair competition claim based upon legal action, a party must show that the legal action is objectively baseless and that the opposing party had the subjective intent to injure the party's ability to be competitive." *Am. Chem. Soc. v. Leadscope, Inc.*, 978 N.E.2d 832, 843 (Ohio 2012); *see also All Metal Sales, Inc. v. All Metal Source, LLC*, No. 1:10 CV 2343, 2011 WL 867020, at *2 (N.D. Ohio Mar. 11, 2011) ("[A] claim for unfair competition arising from malicious litigation must allege that there was no objective basis, or probable cause to bring the action").

To survive a Rule 12 motion, a party asserting an unfair competition by malicious litigation claim "must plead facts establishing the sham exception to *Noerr Pennington*,[2] *i.e.*, that the opposing party filed an objectively baseless lawsuit with the subjective intent to injure the party's ability to be competitive." *Ancestry.com Operations, Inc. v. DNA Diagnostics Ctr., Inc.*, No. 1:15-CV-737, 2016 WL 3999315, at *3 (S.D. Ohio July 26, 2016); *see also Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, No. 2:11-CV-427, 2015 WL 12999664, at *5 (S.D. Ohio Mar. 12, 2015) (dismissing a malicious litigation counterclaim where the counterclaimant did "not even attempt to plead that [plaintiff's] lawsuits were objectively baseless in their entirety"). "Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60

---

[2] "The *Noerr-Pennington* Doctrine provides immunity from liability from claims based on a party's efforts to petition governmental agencies for official action." *Ancestry.com Operations, Inc. v. DNA Diagnostics Ctr., Inc.*, No. 1:15-CV-737, 2016 WL 3999315, at *2 (S.D. Ohio July 26, 2016). The Doctrine, thus, "ensures that a party will not be subjected to liability for its attempt to have its rights protected by the courts unless that attempt is shown to have been a mere 'sham.'" *Id.* (internal quotations omitted) (quoting *Melea Ltd. v. Quality Models, Ltd.*, 345 F. Supp. 2d 743, 758 (E.D. Mich. 2004)).

(1993); *see also Ancestry.com*, 2016 WL 3999315 at *4 ("As long as there is an 'objectively reasonable effort to litigate,' a lawsuit 'cannot be a sham regardless of subjective intent'").

A lawsuit is objectively baseless, *i.e.*, a "sham," if "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs, Inc.*, 508 U.S. at 60. "The existence of probable cause to institute legal proceedings precludes" a finding that litigation is objectively baseless. *Id*. at 62. A lawsuit is not objectively baseless "[i]f an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome[.]" *Id*. at 60. Here, in its memorandum in opposition, Glassman argues only that Plaintiffs' overtime claims are malicious. Doc. 10 at PageID 609-70. In other words, Glassman does not assert that Plaintiff Cline's wrongful termination claim -- *i.e.*, that he was wrongfully terminated for expressing an intent to seek worker's compensation -- is malicious. *See id*. Thus, the undersigned focuses on whether Glassman sufficiently alleges that Plaintiffs' overtime claims are malicious.

In arguing that Plaintiffs' overtime claims are malicious, Glassman concedes that the only information in the pleadings supportive of its conclusory contention that "[t]his current lawsuit brought by Plaintiffs is objectively baseless" are the denials it set forth in answering the complaint. Doc. 10 at PageID 69. The denials set forth in Glassman's answer are nothing more than conclusory denials of Plaintiffs' allegations; Glassman pleads no factual content elaborating on why such averments are denied. *See* doc. 5. While Glassman may not be required to include factual content in its answer to support such denials, factual content is, however, required to support a claim, such as one advanced in a counterclaim. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, No. 09-CV-144, 2010 WL 9459056, at *3 (S.D.

Ohio July 15, 2010) ("*Iqbal* plainly held that the plausibility standards articulated in that case apply to all civil claims, including those alleged in a counterclaim").

Here, the only arguably "factual" allegations set forth in the entirety of Glassman's counterclaim assert that Plaintiffs formed a competing business while still employed at Glassman; attempted to lure Glassman's customers to their competing business while still Glassman employees; and "created business cards, formed a legal entity, and set up a Facebook page to advertise their business, all while still employed at Glassman." Doc. 5. As recognized by Glassman, such allegations relate to the second element of a malicious litigation claim -- *i.e.*, that this lawsuit is motivated by an intent to injure Glassman's competitiveness in the marketplace -- not whether Plaintiffs' overtime claims are objectively baseless. Doc. 10 at PageID 69-70. As noted above, Plaintiffs' motivation in pursuing their claims becomes a relevant consideration for a malicious litigation claim only if objective baselessness is shown. *See Prof'l Real Estate Inv'rs, Inc.*, 508 U.S. at 60; *see also Ancestry.com.*, 2016 WL 3999315 at *4. Thus, allegations of Plaintiffs' motivations in purportedly pursuing their claims are not, by themselves, sufficient to allege an unfair competition by malicious prosecution claim.

**V.**

Because Glassman has not alleged factual matter upon which the Court can reasonably infer that Plaintiffs' overtime claims are objectively baseless, Plaintiffs' partial motion to dismiss (doc. 7) is **GRANTED**, and Defendant Glassman's malicious litigation claim is **DISMISSED**.

**IT IS SO ORDERED.**

Date:   October 4, 2019            s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge